# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF PATTERSON,<br><br>         Petitioner,<br><br>   v.<br><br>KATHY MENDOZA-POWERS,<br><br>         Respondent. | 1:07-cv-00686-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 9)<br><br>ORDER DIRECTING THAT ANY OBJECTIONS BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his petition on May 7, 2007. (Doc. 1). The petition contends that, due to Petitioner's physical disabilities, including asthma, diabetes, and mental health problems, he has been wrongfully excluded from assignment to "fire camp," in which he would earn additional credits toward a reduction of his sentence. (Doc. 1, pp. 3-4).[1]

On January 15, 2008, the Court ordered Respondent to file a response to the petition. (Doc. 7). On March 17, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner had failed to fully exhaust the claims and that he was procedurally barred, that Petitioner had failed to plead adequate facts to state a cognizable claim, and that the petition was barred as untimely. (Doc. 9). Petitioner has not filed a timely opposition to the motion.

---

[1] The document and page numbers refer to the Court's electronic page headers.

# DISCUSSION

For the reasons set forth below, the Court concludes that the petition should be dismissed because Petitioner's claim is procedurally defaulted, Petitioner has failed to exhaust his state court remedies, and his petition is untimely.

**A. Petitioner's claim is procedurally defaulted**

    1. Procedural default - standards

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991); La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." La Crosse, 244 F.3d at 704(citations omitted); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996)(quoting Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'")). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75, 105 S. Ct. 1087 (1985)).

To be deemed adequate, the state law ground for the decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)(citing Ford v. Georgia, 498 U.S. 411, 424, 111 S. Ct. 850 (1991)("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed at the time it was applied by the state court.'"). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "the exercise of judgment according to standards that, at

least over time, can become known and understood within reasonable operating limits." Morales, 85 F.3d at 1392. While the ultimate burden of proving adequacy rests with the respondent, the petitioner must place the state's affirmative defense of independent and adequate state procedural grounds at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure." Bennett v. Mueller, 322 F. 3d 573, 585-586 (9th Cir. 2003).

### 2. Rule requiring exhaustion of administrative remedies

Here, on April 11, 2007, the California Supreme Court declined to review the merits of a state habeas petition filed by Petitioner on March 12, 2007, citing In re Dexter, 25 Cal.3d 921 (1979). (Doc. 9-2, pp. 12-18). In Dexter, the California Supreme Court held, in relevant part, that an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies. Dexter, 25 Cal. 3d at 925.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code of Regs., Title 15, § 3084 et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Id. at § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level–also known as the "Director's Level." Id. at § 3084.5. The Director's Level is the final administrative level of review. See Wyatt v. Terhune, 315 F.3d 1108, 1116 (9th Cir. 2003).

Here, the record establishes that Petitioner never proceeded beyond the initial level. Petitioner alleges that he filed a "602" in 2003, but was told it was a matter to be taken up with the legislature, not within the prison system. (Doc. 1, p. 4). The record does not indicate that Petitioner filed any further administrative appeals. Accordingly, Petitioner did not exhaust his administrative remedies.

### 3. Independent and adequate state procedural ground

The rule in California requiring an inmate to exhaust his administrative appeals is solely based on state law and therefore is independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-1198 (9th Cir. 2004)(state rule independent where "[n]o analysis of federal law enters

into the [rule's] equation"). The rule is also well-established and has been applied since 1941. See Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941). The rule was firmly established as of April 11, 2007, the date of Petitioner's default when the California Supreme Court rejected his petition citing Dexter, and has been consistently applied since Abelleira. Dexter, 25 Cal.3d at 925; Wright v. State, 122 Cal.App.4th 659 (2004); In re Serna, 76 Cal.App.3d 1010, 1014 (1978); In re Muszalski, 52 Cal.App.3d 500, 503 (1975). Thus, the rule in Dexter is an adequate and independent state ground that bars this Court from reaching the merits of Petitioner's claims.

          4. No cause and prejudice

Petitioner has failed to establish cause and prejudice sufficient to excuse the procedural default. Petitioner's implicit claim that he was discouraged from pursuing the matter within the prison system and that he should take the matter up with the state legislature is not a credible basis for cause and prejudice. Petitioner has never alleged that he was precluded from pursuing his administrative remedies or that factors beyond his control prevented him from administratively exhausting his claim. In sum, it was Petitioner's decision, and his alone, to forego further administrative exhaustion of his claim. Thus, because Petitioner's claim is procedurally defaulted, federal habeas review is precluded. Accordingly, the Court will recommend that the petition be dismissed.

        **B. Petitioner failed to exhaust his state court remedies**

The foregoing analysis is based on the Court's conclusion that the state procedural bar for lack of exhaustion was clearly applied by the California Supreme Court on collateral review in the state courts. However, even assuming, arguendo, that the Court is incorrect in its conclusion and that Petitioner is not foreclosed by the state court's rejection of the habeas petition based on Dexter, the Court nevertheless agrees with Respondent that Petitioner failed to exhaust his state court remedies and the instant petition should be dismissed on that ground as well.

          1. Failure to exhaust state court remedies- standards

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
2  U.S. at 731 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854
3  F.2d 1158, 1163 (9th Cir. 1988).  Additionally, the exhaustion requirement recognizes that "federal
4  claims that have been fully exhausted in state courts will more often be accompanied by a complete
5  factual record to aid the federal courts in their review."  Rose, 455 U.S. at 519.  The exhaustion rule
6  establishes a "strong presumption in favor of requiring the prisoner to pursue his available state
7  remedies."  Castille v. Peoples, 489 U.S. 346, 348, 109 S. Ct. 1056 (1989)(quoting Granberry v.
8  Greer, 481 U.S. 129, 131, 107 S. Ct. 1671 (1987); see also Rose, 455 U.S. at 515 ("[S]tate remedies
9  must be exhausted except in unusual circumstances").

10         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
11 full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.
12 Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509
13 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the
14 highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented
15 the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis);
16 Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as stated in
17 Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis). .

18         The "fair presentation" requirement is *not* satisfied if the state's highest court does not reach
19 the merits of a claim due to the procedural context in which it was presented.  Roettgen v. Copeland,
20 33 F.3d 36, 38 (9th Cir. 1994)(citing Castille, 489 U.S. at 351).  Where a state court "has actually
21 passed upon the claim...and where the claim has been presented as of right but ignored (and therefore
22 impliedly rejected),...it is fair to assume that further state proceedings would be useless."  Castille,
23 489 U.S. at 351.  "Such an assumption is not appropriate, however–and the inference of an exception
24 to the requirement of § 2254(c) is therefore not justified–when the claim has been presented for the
25 first and only time in a procedural context in which its merits will not be considered" absent special
26 circumstances.  Id.

27         Where a petitioner fails to properly exhaust his claim in state court and the claim "can no
28 longer be raised because of a failure to follow the prescribed procedure for presenting such an issue,

1  however, the claim is procedurally barred and the petition must be denied." Johnson v. Lewis, 929

2  F.2d 460, 463 (9th Cir. 1991)(citing Murray v. Carrier, 477 U.S. 478, 485, 106 S. Ct. 2639 (1986)).

3  A district court's dismissal of a petition for lack of exhaustion when the claims are procedurally

4  barred under state law is deemed to be an abuse of discretion. See Horsley v. Johnson, 197 F.3d 134,

5  136-137 (5th Cir. 1999).

### 2. California Supreme Court's denial of petition

Respondent contends that Petitioner did not fully exhaust his state court remedies because he presented his state habeas petition to the California Supreme Court in a procedural context in which the court denied the petition on procedural grounds, i.e., for failure to exhaust state remedies. As discussed above, the California Supreme Court denied Petitioner's state habeas petition on April 11, 2007, citing In Re Dexter, which held that the requirement that a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies "applies to grievances lodged by prisoners." Dexter, 25 Cal. 3d at 925.  (Doc. 9-2, p. 12).

Petitioner failed to exhaust his administrative remedies before seeking collateral review in the state courts.  Presenting the state habeas petition to the California Supreme Court under such circumstances essentially foreclosed any consideration of the merits of the petition.  Thus, it was not "fairly presented" and, therefore, is barred from federal habeas review. Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38.

As discussed supra, the California Supreme Court deemed Petitioner's claims to be procedurally barred for failure to exhaust his administrative remedies.  Those administrative remedies were terminated due to Petitioner's voluntary decision to forego further administrative review.  Further exhaustion in state court is impossible because Petitioner's claims are procedurally barred.  See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002)(a claim is procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred.").

However, assuming, for the sake of argument, that it is not "clear that the claims are now procedurally barred under state law," see Horsley, 197 F.3d at 136-137, Petitioner's failure to exhaust his claims is an alternate basis on which to dismiss the petition. Toulson v. Beyer, 987 F.2d 984, 987-988 (3d Cir. 1993).

**C. The petition is untimely**

    1. <u>The limitation period under the AEDPA</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997). Because this action was commenced in 2007, the instant petition is subject to the AEDPA limitation period.

The AEDPA imposes a one-year limitation period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decisions within the prison. <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th Cir. 2004); <u>see</u> <u>Redd v. McGrath</u>, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the

U.S. District Court
E. D. California
7

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In the context of a parole board decision or other administrative board action, the factual basis is the administrative body's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day following a petitioner's notification of the administrative body's decision. Id. Where the date Petitioner received notice of the decision of the administrative board's decision is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date on which a petitioner found out about results of the hearing, thus apparently establishing instead a presumption that an inmate will in fact receive notice on the day the denial is issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."

Shelby, 391 F.3d at 1066.

Here, Petitioner has contended that some time in 2003 he initiated a prison administrative claim regarding his exclusion from fire camp. At the time he initiated that process, Petitioner would necessarily have already discovered the factual predicate or basis for his claim pursuant to Section 2244(d)(1)(D). Giving Petitioner the benefit of the doubt by assuming the latest possible date for discovery of that factual basis, i.e., December 31, 2003, the one-year limitation period would have thereafter expired on December 31, 2004. As mentioned, the instant petition was still not filed until May 7, 2007, some twenty-nine months after the limitation period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

          2. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that "a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F. 3d 1003, 1006 (9th Cir. 1999).

There are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F. 3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. The limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). A petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F. 3d 820, 823 (9th Cir. 2003); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F. 3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner filed several state court habeas petitions. Based on the record, the first petition was dated June 25, 2006, postmarked July 12, 2006, and filed in the Kern County Superior Court on July 14, 2006.[2] (Doc. 9-2, p. 19). Assuming, however, without deciding, that this petition

---

[2]The Kern County Superior Court's order denying this petition refers to an "earlier nearly identical petition" that was "procedurally defective" for improper service. Neither the order nor the record indicate when the "procedurally defective" petition was submitted to the Kern County Superior Court. Petitioner alleges that he filed state habeas petitions in the Kings County Superior Court and the 5th DCA; he does not allege that he filed any petitions in the Kern County Superior Court. However, copies of the Kern County Superior Court's order denying Petitioner's July 14, 2006 petition are

was "properly filed" for purposes of the AEDPA as of June 25, 2006, it affords Petitioner no tolling benefit. Ferguson, 321 F.3d at 823. 820. Here, as mentioned, the limitation period expired on December 31, 2004, nearly eighteen months *before* Petitioner filed his first state habeas petition. Accordingly, Petitioner cannot avail himself of the AEDPA's statutory tolling provision for any of his subsequent[3] state court petitions.

### 3. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally , a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1063, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no claim of entitlement to equitable tolling, and the record does not reflect any basis for such a claim. Petitioner is not entitled to equitable tolling.

Therefore, because the petition is untimely by at least twenty-nine months, it should be

---

attached as exhibits to the instant petition and Respondent's motion. (Doc. 1, pp. 3-4, Doc. 9-2, pp. 19).

[3] Petitioner filed two subsequent state habeas petitions. On November 20, 2006, he filed a petition in Kings County Superior Court, which was denied on January 3, 2007 for failure to allege sufficient facts to state a claim. (Doc. 9-2, pp. 20-21, 27-28). On January 25, 2007, Petitioner filed a petition in the 5th DCA, which was denied on February 22, 2007 without a stated reason. (Doc. 9-2, pp. 22, 30-35). Neither of these petitions tolls the AEDPA's limitation period, because they were filed after the AEDPA limitation period expired on December 31, 2004.

dismissed on this ground as well.[4]

**RECOMMENDATIONS**

For all of the foregoing reasons, it is HEREBY RECOMMENDED that Respondent's motion to dismiss (Doc. 9), be GRANTED and the instant petition for writ of habeas corpus (Doc. 1), be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 4, 2009**                               /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Respondent also contends that the petition should be dismissed because Petitioner failed to state adequate facts to support his claims for relief. (Doc. 9, p. 3). Since the Court is recommending dismissal of the petition for procedural default, lack of exhaustion, and untimeliness, the Court sees no reason to reach this additional ground for dismissal.